RUBERT BROTHERS, Plaintiffs and Appellants, *v.* UNKNOWN HEIRS OF WENCESLAO BORDA, Defendants and Appellees.

No. 4244. Argued November 18, 1927.—Decided March 19, 1929.

*Cayetano Coll y Cuchí* and *G. Cruzado Silva* for the appellants. *J. H. Brown* and *C. Ruiz Nazario* for the appellees.

MR. JUSTICE ALDREY delivered the opinion of the court.

This is an appeal by the plaintiffs from a judgment in an action brought in 1925 to recover possession of a certain rural property and for damages.

The members of the agricultural partnership of Rubert Brothers brought this action against the unknown heirs of Wenceslao Borda. Several persons appeared as his sole heirs and demurred on the grounds of defect of parties defendant in that, though a necessary party defendant, The People of Porto Rico had not been joined, and that the complaint did not adduce facts sufficient to constitute a cause of action. The court sustained both grounds of demurrer and granted leave to the plaintiffs to amend their complaint, but on motion of the plaintiffs the court rendered judgment dismissing the complaint.

It is alleged in the complaint that L. H. Graham, as Commissioner of the Interior of Porto Rico and in representation of The People of Porto Rico, leased to Wenceslao Borda the following property: "All of the undrained and uncultivated marsh of a parcel of land belonging to The People of Porto Rico situated in the districts of Arecibo and Manatí known by the general name of 'Caño o Laguna de los Tiburones'

and supposed to contain about 6,000 acres, a part of which is under water. It is expressly understood that this parcel of land includes only the lands which belong to The People of Porto Rico at the time of making this lease, with the privileges and rights corresponding thereto''; that this contract was extended by a Joint Resolution of the Legislature of Porto Rico approved February 11, 1908, authorizing the Commissioner of the Interior to extend it for another 25 years from that date; that on the date of the lease contract referred to and on that of the approval of the said Joint Resolution the plaintiffs owned and held possession of several properties which grouped together formed the following: ''Rural property, sugar cane plantation called Las Lizas situated in the ward of Santana of the municipal district of Arecibo. It is bounded on the east by land of the heirs of Miguel Gandía (now Martín Zabala); on the south by land of Alejo Caballero (now heirs of Rivera and Agosto), land of the heirs of A. A. Tejada, land of Asunción Díaz (now Rubert Brothers) and by land of the Claras plantation; on the west by the Cambalache plantation and the Monte Grande plantation, and on the north by the 'Caño de Tiburones.' It contains, as appears from its first record in the new books of the registry, 783.88 acres''; that according to the title deeds of Rubert Brothers the property is bounded on the north by the undrained and uncultivated marsh land belonging to The People of Porto Rico and leased to Wenceslao Borda as stated; that about the month of December, 1908, Wenceslao Borda, accompanied by his agents and employees and by the then Commissioner of the Interior, L. H. Graham, his agents and employees, unlawfully, maliciously and wilfully, openly violating the stipulations of the lease contract and of the resolution granting the extension referred to in the complaint, forcibly entered the said property of the plaintiffs against their will and by the use of force and violence took possession of a part of it which may be described as follows: ''Tract of land of about two hundred and.

thirty acres, the plaintiffs being unable to state its exact measurement because the defendants have refused to permit a survey thereof, and the Department of the Interior has refused to certify its area, bounded on the north by the Caño de Tiburones; on the east by land of Martín Zabala, formerly belonging to the heirs of Miguel Gandía and of which Martín Zabala has been dispossessed by the defendants; on the south and in a broken line by the remainder of the Las Lizas plantation, and on the west by the Caño de Vieques which separates it from the Monte Grande plantation''; that when the plaintiffs were dispossessed of the property there was on it a railway for hauling their cane and ground ready to be planted to cane, and that they suffered damages amounting to $50,000. They moved on these pleadings for a judgment ordering the heirs of Borda to return to them the possession of the property and to pay them the said sum and the costs.

The court below based its ruling sustaining the demurrer to the complaint on the ground of defect of parties defendant on the fact that the essential allegations of this action and those in another action of Rubert Brothers against The People of Porto Rico and Wenceslao Borda, decided on June 27, 1913, and reported in 19 P.R.R. 873, are substantially the same and therefore The People of Porto Rico is a necessary party to the action, as held in that case. Citing then the case of *Fernández* v. *People,* 16 P.R.R. 545, and sections 462 and 1869 of the Civil Code, it sustained the demurrer to the complaint by the defendants.

The errors assigned in support of this appeal are as follows:

''First.—The court erred in holding that The People of Porto Rico is a necessary and indispensable party to this action and should be made a party therein.

''Second.—The court erred in holding that the essential facts pleaded in the action of Rubert Brothers against The People of Porto Rico and others, reported in 19 P.R.R. 873, are the same as those alleged here.

"Third.—The court erred in sustaining the demurrer of the de-fendants.

"Fourth.—The court erred in rendering judgment dismissing the complaint."

There is no reference in the allegations of the complaint to the case mentioned, but as the lower court and the parties referred to it, we do likewise.

In their argument on the errors the appellants limit themselves to the first one, saying in regard to the others that there is no possible room for argument as to the second because a mere comparison of the allegations of the two complaints is sufficient to reach the conclusion that the fundamental facts alleged in the case cited and in the present case, and the third and fourth assignments, are a consequence of the first assignment and are submitted. However, the first two assignments of error are so intimately related that in spite of the statement of the appellants just transcribed as to the second, third and fourth assignments of this appeal, they mix the second in their argument on the first, as they compare the allegations in the two complaints to reach the conclusion that it is beyond their comprehension how the court below could have found the complaints to be essentially the same in order to hold that The People of Porto Rico is a necessary party to this action. It is said by the appellants that in the former action Rubert Brothers claimed from The People of Porto Rico and from Wenceslao Borda the same parcel of land that is claimed in the present one, alleging that The People of Porto Rico had built a fence on the Las Lizas plantation belonging to Rubert Brothers whom it dispossessed of a part of their property and delivered it to Borda, while in the present action it is alleged that Borda received from The People of Porto Rico the property leased to him and whose ownership title in The People of Porto Rico is not questioned, but that when Borda took possession of the leased property he invaded the property of the plain-

tiffs which was not included in the lease and deprived them of its lawful ownership.

That does not result from the complaints, for it was alleged in that of the former action that in December, 1908, The People of Porto Rico by the then Commissioner of the Interior and other persons and with the cooperation of Wenceslao Borda built or caused to be built a fence on the Las Lizas property of the plaintiffs, dividing it into two parts and delivering the northern part of it to Wenceslao Borda; and in the complaint in the present action it is alleged that The People of Porto Rico leased a property belonging to it to Wenceslao Borda, and it is said that Borda, accompanied by his agents, by the then Commissioner of the Interior and by his agents, entered the property of the plaintiffs and took possession of a part of it. So that in one complaint it is said that Borda and the Commissioner of the Interior entered the property and took possession of a part of it and in the other it is alleged that they took possession of a part of the property of the plaintiffs, the only difference being that in the former action it is said that the portion occupied as aforesaid was delivered by The People of Porto Rico to Borda and in the present one it is not said what Borda and the Commissioner of the Interior did with the portion thus occupied, nor is it alleged that it is in the possession of the defendants. From the foregoing and taking into account also that in a complaint against the heirs of Borda for unlawful possession of the land in question it was unnecessary to set up the lease made by The People of Porto Rico to Borda or the Joint Resolution authorizing the extension of the lease, we reach the conclusion that the two complaints are fundamentally the same and since it is alleged that Borda and The People of Porto Rico took possession of the portion of the property sued for, The People of Porto Rico should be made a party to this action after securing its consent to be sued.

As to the plea of lack of cause of action, we do not agree with the appellants that the trial court sustained it in consequence of its error in holding that the two complaints are substantially equal, for even if there were such error and though The People of Porto Rico were not a necessary party to this action, the complaint may not adduce a cause of action against the defendants; but as the appellants do not raise this question, we shall not consider it. However, we wish to state in a few words that under subdivision 4 of section 462 of the Civil Code a possessor may lose possession to another, even against the will of the former possessor, if the new possession has continued longer than a year; and that under subdivision 1 of section 1869 of the same Code actions to recover or retain possession prescribe in one year. As a longer time has elapsed between the loss of the possession and the filing of the complaint in this suit, there is no cause of action against the defendants.

The judgment appealed from must be affirmed.

Mr. Justice Wolf concurred in the judgment.

Mr. Justice Texidor took no part in the decision of this case.